Raymond and Raymond
Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond #HR-1379; Jeffrey M. Raymond; Kevin de Lyon
Attorneys for the Debtor(s)

---

| IN RE: | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY CHAPTER 13 CASE NO.: 20-10126 (SLM) |
|---|---|
| ANNIE L. EVANS, Debtor(s). | |
| ANNIE L. EVANS Plaintiff, V. TOWER DBW REO VI, LLC Defendant. | Adv. Pro. No.: |

**COMPLAINT TO AVOID TRANSFER AS PREFERENCE PURSUANT TO 11 U.S.C. § 547(b) OR AS A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1) AND OTHER RELATED RELIEF**

The Debtor, Annie Evans ("Plaintiff"), by and through her attorneys, hereby brings this Complaint against TOWER DBW REO VI, LLC ("Defendant"), to avoid a preference or fraudulent transfer and recover property pursuant to 11 U.S.C. §§ 547, 548, 550, and 551 and other related relief. In support of the Complaint, the Plaintiff respectfully allege as follows:

**PARTIES**

1. The Plaintiff is a debtor in the above captioned bankruptcy case having filed a Chapter 13 bankruptcy petition on January 5, 2020.

2. The Plaintiff's address is 1468 Franklin Street, Hillside, New Jersey 07205.

3. The Defendant is a limited liability company with an address at P.O. Box 399, Morristown, NJ 07963-399.

**JURISDICTION AND VENUE**

4. This is an adversary proceeding instituted pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

5. This Court has jurisdiction over this adversary proceeding and the claims asserted herein pursuant to 28 U.S.C. § 1334(b).

6. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

7. Venue properly lies in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

**FACTS COMMON TO ALL COUNTS**

8. Prior to October 9, 2019, the Plaintiff owned real property located at 1468 Franklin Street, Hillside, New Jersey 07205.  The property is the Plaintiff's residence.

9. On December 13, 2016 US Bank as Custodian for TOWER DBW VI Trust 2 purchased from the Township of Hillside a tax sale certificate numbered 16-019 for unpaid property taxes on Plaintiff's property in the amount of $2,429.49.  Said certificate was recorded in the Union County Clerk's Office on February 9, 2017 in Mortgage Book M14232, Page 434.

10. On April 25, 2019  US Bank as Custodian for TOWER DBW VI

Trust 2 filed a complaint to foreclose said tax sale certificate in the Superior Court of New Jersey, Chancery Division, Union County. Such case proceeded under Docket F-007950-19.

11. On July 8, 2019 the Chancery court issued an order setting forth the amount, time, and date of redemption. Pursuant to such, the amount of $37,935.98 was to be redeemed no later than September 6, 2019. Such amount was not redeemed.

12. On September 13, 2019 US Bank as Custodian for TOWER DBW VI Trust 2 assigned said tax sale certificate to the Defendant.

13. On September 27, 2019 the Defendant filed a Motion for Final Judgment based on Plaintiff's failure to redeem said tax certificate. Accordingly, final judgment was entered in connection with that foreclosure on October 9, 2019. The judgment conveyed title to the property to the Defendant.

14. At no time was a public sale or auction of the property held.

15. Plaintiff submitted to the trustee in connection with the petition a valuation of the subject property of roughly $300,000.

## **COUNT I**

16. Within 90 days of the Petition Date, the Plaintiff's interest in the Property was transferred to the Defendant.

17. The transfer was to or for the benefit of the Defendant.

18. The transfer was for or on account of an antecedent debt owed by the Plaintiff before the transfer was made.

19. The transfer was made while the Plaintiff was insolvent.

20. The transfer enabled the Defendant to receive more than it would receive if -- (a) the case was a case under chapter 7 of the

Bankruptcy Code; (b) the transfer had not been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of title 11 because the value of the property exceeds the Defendant's claim.

21. By reason of the foregoing, said transfer is voidable pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code.

**WHEREFORE,** Plaintiff demands judgment:

a) setting aside the transfer pursuant to 11 U.S.C. §547(b);

b) recovering the property on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551;

c) compelling Defendant to take all steps necessary to restore title to the Plaintiff within 30 days from the entry of judgment; and

d) such further relief as is just property and equitable .

### COUNT II

22. The Plaintiff repeats and re-alleges paragraphs 1-21 as full set forth herein.

23. The Plaintiff received less than reasonably equivalent value for the transfer of the property to Defendant.

24. The Plaintiff was insolvent at the time the property was transferred or the transfer rendered the Debtor insolvent.

25. By reason of the foregoing, said transfer is voidable pursuant to 11 U.S.C. § 548(a)(1)(B) of the Bankruptcy Code.

**WHEREFORE,** Plaintiff demands judgment:

a) setting aside the transfer as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B);

b) recovering the property on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551;

    c) compelling Defendant to take all steps necessary to restore title to the Plaintiff within 30 days from the entry of judgment; and

    d) such further relief as is just property and equitable.

Date: January 16, 2020        /s/ HERBERT B. RAYMOND, ESQ

_____
HERBERT B. RAYMOND, ESQ.
Attorney for the Debtor-Plaintiff
Annie L. Evans